**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**
**BENTON DIVISION**

DR. RICHARD L. THALMAN doing business )
as THALMAN CHIROPRACTIC & )
WELLNESS CENTER, on behalf of Plaintiff )   Case No. 3:20- cv-1129
and the class members defined herein, )
)
       Plaintiff, )
)
v. )
)
ECHO HEALTH INC., and JOHN DOES 1-10, )
)
       Defendants. )

## AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

COMES NOW Defendant, ECHO HEALTH INC. by and through its undersigned attorneys, Hinshaw & Culbertson LLP, and for its Amended Answer to Plaintiff's Complaint, states as follows:

1.      Plaintiff Dr. Richard Thalman doing business as Thalman Chiropractic and Wellness Center ("Thalman"), brings this action to secure redress for the actions of Defendants ECHO Health Inc. and John Does 1-10, in sending or causing the sending of unsolicited advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), and the common law.

**ANSWER:    Defendant admits that Plaintiffs have alleged that Defendant violated the TCPA, ICFA, and common law but denies there is any merit to Plaintiffs' claims. Defendant denies the remaining allegations in paragraph 1 not expressly admitted herein.**

2.      The TCPA expressly prohibits unsolicited fax advertising. Unsolicited fax advertising damages the recipients. The recipient is deprived of its paper and ink or toner and the

use of its fax machine. The recipient also wastes valuable time it would have spent on something else. Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.

**ANSWER:    The allegations in paragraph 2 are conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the same.**

<u>**PARTIES**</u>

3.    Plaintiff Thalman has offices in Carbondale, Illinois, where he maintains a telephone facsimile machine that automatically prints faxes using paper and ink/ toner.

**ANSWER:    Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 3 and demands strict proof of same.**

4.    Defendant ECHO Health Inc., is an Ohio corporation with its place of business at 810 Sharon Drive, Westlake, Ohio 44145. Its registered agent is William A. Minnich, located at the same address.

**ANSWER:    Defendant admits the allegations in paragraph 4.**

5.    Defendant ECHO Health Inc., operates an electronic payment processing network for the healthcare industry.

**ANSWER:    Defendant admits the allegations in paragraph 5.**

6.    Defendant advertises that participation in the network is financially beneficial to both payors and providers. "Payers, vendors, employers, providers and members benefit from the association with ECHO, realizing dramatic reductions in the costs of fulfillment and customer service." (https:/ /www.echohealthinc.com/about-us.php)

**ANSWER:   Defendant admits paragraph 6 quotes a portion of Defendant's website.**

7.      Participation of providers, such as Plaintiff, is necessary for Defendant's business model to be profitable.

**ANSWER:    The allegations in paragraph 7 are legal conclusions to which no response is necessary.**

8.      On information and belief, Defendant issues payment cards (which may be in electronic form) to medical providers, or has them issued. Medical providers process the payment cards in a manner similar to credit cards presented by patients. On information and belief, they are charged a percentage of the amount as a fee, similar to a regular credit card, and Echo Health may receive a portion of the fee; in any event, the medical provider pays to participate in the payment arrangement. *See NexPay, Inc. v. Comdata Network, Inc.,* 3:14cv01749, 2018 U.S. Dist. LEXIS 149165, *5, 2018 WL 4185374 (M.D.Tenn., Aug. 30, 2018).

**ANSWER:    Defendant admits the allegations in paragraph 8.**

9.      On information and belief, Defendant obtains protected health information pertaining to the provider's patients.

**ANSWER:    Defendant admits that it is provided protected health information. Defendant denies the remaining allegations in paragraph 9.**

10.      John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisements described below. Plaintiff does not know who they are.

1037221\307257650.v1

**ANSWER:    Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 10 and demands strict proof of same.**

## JURISDICTION AND VENUE

11.     This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1367. *Mims v. Arrow Financial Services, LLC,* 132 S. Ct. 740, 751-53 (2012); *Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446 (7th Cir. 2005).

**ANSWER:    Defendant does not contest jurisdiction in this matter.**

12.     Personal jurisdiction exists under 735 ILCS 5/2-209, in that Defendants:

1.      Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

2.      Have transacted business in Illinois.

**ANSWER:    Defendant does not contest personal jurisdiction in this matter. Defendant denies the remaining allegations in paragraph 12.**

13.     Venue in this District is proper for the same reason.

**ANSWER:    Defendant admits the allegations in paragraph 13 to the extent it does not contest venue in this matter. Defendant denies the remaining allegations in paragraph 10 not expressly admitted herein.**

## FACTS

14.     Under the American Recovery and Reinvestment Act of 2009, all Personal Health Information ("PHI") communications must be secure, and therefore doctors use their fax machines to transmit PHI as part of their business.

4

**ANSWER:** **Defendant objects that this information is vague and ambiguous given Plaintiff lists several legal terms which are undefined but have various meanings under the law. Defendant further objects that the information contained in paragraph 8 seeks legal conclusions to which no response is required.. Subject to said objections, upon reasonable inquiry, Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 14.**

15.     On October 21, 2020, Plaintiff Thalman received the unsolicited fax advertisement attached as Exhibit A on his facsimile machine.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15 pertaining to Thalman receiving Exhibit A. Defendant denies the remaining allegations in paragraph 15.**

16.     On information and belief, as part of Defendant ECHO Health Inc.'s business, it sends or causes to send faxes in the form of Exhibit A to healthcare providers in the United States.

**ANSWER:** **Defendant admits that at certain times and under certain circumstances sends faxes. Defendant denies the remaining allegations in paragraph 16 including any suggestion that it violated the TCPA, ICFA, or common law.**

17.     Faxes in the form of Exhibit A are used by Defendant ECHO Health, Inc. as a means of obtaining or verifying public information so it can use this information to generate business for itself by getting healthcare providers to sign up for its payment processing service.

**ANSWER:** **Defendant denies the allegations in paragraph 17.**

18.     Exhibit A informs the recipient of the services and products Defendant ECHO Health, Inc. offers to its clients and how its products and services can benefit the recipient.

1037221\307257650.v1

**ANSWER:   Defendant admits paragraph purports to summarize certain parts of Exhibit A.  Defendant denies the remaining allegations in paragraph 18.**

19.     Exhibit A promotes Defendant's name, logo, contact information and websites.

**ANSWER:   Defendant admits Exhibit A includes Defendant's name, logo, contact information, and website. Defendant denies the remaining allegations in paragraph 19.**

20.     The websites on Exhibit A promote the commercial availability of Defendant ECHO Health Inc.'s products and services.

**ANSWER:   Defendant admits the websites listed on Exhibit A are associated with Defendant. Defendant denies the remaining allegations in paragraph 20.**

21.     Discovery may reveal the transmission of additional faxes as well.

**ANSWER:   The allegations in paragraph 21 are legal conclusions to which no response is necessary.**

22.     Defendant ECHO Health Inc., is responsible for sending or causing the sending of the faxes.

**ANSWER:   The allegations in paragraph 22 are legal conclusions to which no response is necessary.**

23.     Defendant ECHO Health Inc., was the entity whose products or services were advertised in the faxes, derived economic benefit from the sending of the faxes.

**ANSWER:   Defendant does not know what "faxes" are being referenced in paragraph 23 therefore Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 23 and denies same/**

24.     Defendant ECHO Health Inc., either negligently or wilfully violated the rights of Plaintiff and other recipients in sending the faxes.

6

**ANSWER:    Defendant denies the allegations in paragraph 24.**

25.    Plaintiff had no prior relationship with Defendants and had not authorized the sending of fax advertisements to Plaintiff.

**ANSWER:    Defendant denies the allegations in paragraph 25. Defendant further states that it has mailed Plaintiff over 50 virtual card payments over the length of their relationship. Plaintiff has accepted the mailed payments without objection.**

26.    On information and belief, the fax attached hereto was sent as part of a mass broadcasting of faxes.

**ANSWER:    Defendant denies the allegations in paragraph 26.**

27.    The fax does not contain an "opt out" notice that complies with 47 U.S.C. § 227.

**ANSWER:    The allegations in paragraph 27 are legal conclusions to which no response is necessary.**

28.    The TCPA provides for affirmative defenses of consent or an established business relationship. Both defenses are conditioned on the provision of an opt out notice that complies with the TCPA. *Holtzman v. Turza*, 728 F.3d 682 (7th Cir. 2013); *Nackv. Walburg*, 715 F.3d 680 (8th Cir. 2013).

**ANSWER:    The allegations in paragraph 28 are legal conclusions to which no response is necessary.**

29.    On information and belief, Defendants have transmitted similar unsolicited fax advertisements to at least 40 other persons in Illinois.

**ANSWER:    Defendant denies the allegations in paragraph 29.**

1037221\307257650.v1

30.     There is no reasonable means for Plaintiff or other recipients of Defendants' unsolicited advertising faxes to avoid receiving illegal faxes. Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

**ANSWER:     Defendant denies the allegations in paragraph 30.**

## COUNT I – TCPA

31.     Plaintiff incorporates ¶¶ 1-30.

**ANSWER:     Defendant restates and incorporates by reference all of its answers to the above paragraphs as though fully stated herein.**

32.     The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ... " 47 U.S.C. §227(b)(l)(C).

**ANSWER:     The allegations in paragraph 32 are conclusions of law to which no response is required.  To the extent a response is required, Defendant denies it violated the TCPA.**

33.     The TCPA, 47 U.S.C. §227(b)(3), provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State-**
     **(A)     an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**

     **(B)     an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**

     **(C)     both such actions.**

**If the Court finds that the Defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to**

8

**an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

**ANSWER:    The allegations in paragraph 33 are conclusions of law to which no response is required.    To the extent a response is required, Defendant denies it violated the TCPA.**

34.    Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result. Furthermore, Plaintiffs statutory right of privacy was invaded.

**ANSWER:    Defendant denies the allegations in paragraph 34.**

35.    Plaintiff and each class member is entitled to statutory damages.

**ANSWER:    Defendant denies the allegations in paragraph 35.**

36.    Defendants violated the TCPA even if their actions were only negligent.

**ANSWER:    Defendant denies the allegations in paragraph 36.**

37.    Defendants should be enjoined from committing similar violations in the future.

**ANSWER:    Defendant denies the allegations in paragraph 37.**

## CLASS ALLEGATIONS

38.    Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), Plaintiff brings this claim on behalf of a class, consisting of (a) all persons with fax numbers (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), (c) were sent faxes by or on behalf of Defendant ECHO Health Inc. promoting its goods or services for sale ( d) and which did not contain an opt out notice as described in 47 U.S.C. § 227.

**ANSWER:    Defendant admits that Plaintiff seeks class certification pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3), but denies there is any merit to certifying the class. Defendant further admits that Plaintiff attempts to bring this action on behalf of certain**

9

classes and denies that any class is viable, appropriate or should be certified and denies the remaining allegations in paragraph 30.

39.    The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

**ANSWER:    Defendant denies the allegations contained in paragraph 39.**

40.    There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

      1.    Whether Defendants engaged in a pattern of sending unsolicited fax advertisements;

      2.    The manner in which Defendants compiled or obtained its list of fax numbers; and

      3.    Whether Defendants thereby violated the TCPA.

**ANSWER:    Defendant denies the allegations contained in paragraph 40.**

41.    Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

**ANSWER:    Defendant denies the allegations contained in paragraph 41.**

42.    Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

**ANSWER:    Defendant denies the allegations contained in paragraph 42.**

43.     A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against Defendants is small because it is not economically feasible to bring individual actions.

**ANSWER:     Defendant denies the allegations contained in paragraph 43.**

44.     Numerous courts have certified class actions under the TCPA. *Holtzman v. Turza*, 08cv2014, 2009 WL 3334909, 2009 U.S. Dist. LEXIS 95620 (N.D.Ill. Oct. 14, 2009), *aff'd in part, rev'd in part, vacated in part*, 728 F.3d 682 (7th Cir. 2013); *Ballard RN Center, Inc. v. Kohll's Pharmacy and Homecare, Inc.* 2015 IL 118644, 48 N.E.3d 1060; *American Copper & Brass, Inc. v. Lake City Indus. Products, Inc.,* 757 F.3d 540,544 (6th Cir. 2014); In re *Sandusky Wellness Center, LLC*, 570 Fed.Appx. 437,437 (6th Cir. 2014); *Sandusky Wellness Center, LLC v. Medtox Scientific, Inc.,* 821 F.3d 992, 998 (8th Cir. 2016); *Sadowski v. Medi Online, LLC,* 07cv2973, 2008 WL 2224892, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill. May 27, 2008); *CE Design Ltd. v. Cy's Crabhouse North, Inc.,* 259 F.R.D. 135 (N.D.Ill. 2009); *Targin Sign Systems, Inc. v. Preferred Chiropractic Center, Ltd.,* 679 F.Supp.2d 894 (N.D.Ill. 2010); *Garrett v. Ragle Dental Laborato1y, Inc.,* 10cv1315, 2010 WL 4074379, 2010 U.S. Dist. LEXIS 108339 (N.D.Ill. Oct. 12, 2010); *Hinman v. M&M Rental Center, Inc.,* 545 F.Supp.2d 802 (N.D.Ill. 2008); *G.M. Sign, Inc. v. Group C Communications, Inc.,* 08cv4521, 2010 WL 744262, 2010 U.S. Dist. LEXIS 17843 (N.D.Ill. Feb. 25, 2010); *Kavu, Inc. v. Omnipak Corp.,* 246 F.R.D. 642 (W.D.Wash. 2007); *Display South, Inc. v. Express Computer Supply, Inc.,* 961 So.2d 451, 455 (La.App. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.,* 992 So.2d 510 (La.App. 2008); *Lampkin v. GGH, Inc.,* 146 P.3d 847 (Ok.App. 2006); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.,* 203 Ariz. 94, 50 P.3d 844 (2002); *Core Funding*

*Group, LLC v. Young,* 792 N.E.2d 547 (Ind.App. 2003); *Critchfield Physical Therapy v. Taranto Group, Inc.,* 293 Kan. 285,263 P.3d 767 (2011); *Karen S. Little, L.L.C. v. Drury Inns, Inc.,* 306 S.W.3d 577 (Mo.App. 2010); *Lindsay Transmission, LLC v. Office Depot, Inc.,* 4:12cv221, 2013 WL 275568, 2013 U.S. Dist. LEXIS 9554 (E.D.Mo. Feb. 24, 2013).

**ANSWER:   The allegations in paragraph 44 are conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the same.**

45.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

**ANSWER:   Defendant denies the allegations contained in paragraph 45.**

**COUNT II – ILLINOIS CONSUMER FRAUD ACT**

46.     Plaintiff incorporates ¶¶ 1-30.

**ANSWER:   Defendant restates and incorporates by reference all of its answers to the above paragraphs as though fully stated herein.**

47.     Defendants engaged in unfair acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by sending unsolicited fax advertising to Plaintiff and others.

**ANSWER:   Defendant denies the allegations in paragraph 47.**

48.     Unsolicited fax advertising is contrary to the TCPA and also Illinois law. 720 ILCS 5/26-3(b) makes it a petty offense to transmit unsolicited fax advertisements to Illinois residents.

**ANSWER:   The allegations in paragraph 48 are conclusions of law to which no response is required.  To the extent a response is required, Defendant denies it violated the ICFA.**

1037221\307257650.v1

49.     Defendants engaged in an unfair practice and an unfair method of competition by engaging in conduct that is contrary to public policy, unscrupulous, and caused injury to recipients of their advertising.

**ANSWER:     Defendant denies the allegations in paragraph 49.**

50.     Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result.

**ANSWER:     Defendant denies the allegations in paragraph 50.**

51.     Defendants engaged in such conduct in the course of trade and commerce.

**ANSWER:     Defendant denies the allegations in paragraph 51.**

52.     Defendants' conduct caused recipients of their advertising to bear the cost thereof. This gave Defendants an unfair competitive advantage over businesses that advertise lawfully, such as by direct mail. For example, an advertising campaign targeting one million recipients would cost $500,000 if sent by U.S. mail but only $20,000 if done by fax broadcasting. The reason is that instead of spending $480,000 on printing and mailing his ad, the fax broadcaster misappropriates the recipients' paper and ink. "Receiving a junk fax is like getting junk mail with the postage due". Remarks of Cong. Edward Markey, 135 Cong Rec E 2549, Tuesday, July 18, 1989, 101st Cong. 1st Sess.

**ANSWER:     The allegations in paragraph 48 are conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 52.**

53.     Defendants' shifting of advertising costs to Plaintiff and the class members in this manner makes such practice unfair. In addition, Defendants' conduct was contrary to public policy, as established by the TCPA and Illinois statutory and common law.

1037221\307257650.v1

**ANSWER:     Defendant denies the allegations in paragraph 53.**

54.     Defendants should be enjoined from committing similar violations in the future.

**ANSWER:     Defendant denies the allegations in paragraph 54.**

## CLASS ACTIONS

55.     Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), Plaintiff brings this claim on behalf of a class, consisting of ( a) all persons with Illinois fax numbers (b) who, on or after a date three years prior to the filing of this action, (c) were sent faxes by or on behalf of Defendant ECHO Health Inc. promoting its goods or services for sale (d) and which did not contain an opt out notice as described in 47 U.S.C. § 227.

**ANSWER:     Defendant admits that Plaintiff seeks class certification pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3), but denies there is any merit to certifying the class. Defendant further admits that Plaintiff attempts to bring this action on behalf of certain classes and denies that any class is viable, appropriate or should be certified and denies the remaining allegations in paragraph 55.**

56.     The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

**ANSWER:     Defendant denies the allegations in paragraph 56.**

57.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    1.     Whether Defendants engaged in a pattern of sending unsolicited fax advertisements; and

2.      Whether Defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

**ANSWER:      Defendant denies the allegations in paragraph 57.**

58.      Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

**ANSWER:      Defendant denies the allegations in paragraph 58.**

59.      Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

**ANSWER:      Defendant denies the allegations in paragraph 59.**

60.      A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against Defendants is small because it is not economically feasible to bring individual actions.

**ANSWER:      Defendant denies the allegations in paragraph 60.**

61.      Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

**ANSWER:      Defendant denies the allegations in paragraph 61.**

**<u>COUNT III - CONVERSION</u>**

62.      Plaintiff incorporates ¶¶ 1-30.

**ANSWER:      Defendant restates and incorporates by reference all of its answers to the above paragraphs as though fully stated herein.**

15

63.   By sending Plaintiff and the class members unsolicited faxes, Defendants converted to their own use ink or toner and paper belonging to Plaintiff and the class members.

**ANSWER:   The allegations in paragraph 63 are conclusions of law to which no response is required.   To the extent a response is required, Defendant denies it converted any property of Plaintiff or proposed class members to its own use.**

64.   Immediately prior to the sending of the unsolicited faxes, Plaintiff and the class members owned and had an unqualified and immediate right to the possession of the paper and ink or toner used to print the faxes.

**ANSWER:   The allegations in paragraph 64 are conclusions of law to which no response is required.   To the extent a response is required, Defendant denies it converted any property of Plaintiff or proposed class members to its own use.**

65.   By sending the unsolicited faxes, Defendants appropriated to their own use the paper and ink or toner used to print the faxes and used them in such manner as to make them unusable. Such appropriation was wrongful and without authorization.

**ANSWER:   Defendant denies the allegations in paragraph 65.**

66.   Defendants knew or should have known that such appropriation of the paper and ink or toner was wrongful and without authorization.

**ANSWER:   Defendant denies the allegations in paragraph 66.**

67.   Plaintiff and the class members were deprived of the paper and ink or toner, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of receipt of the unsolicited faxes.

**ANSWER:   Defendant denies the allegations in paragraph 67.**

68.   Defendants should be enjoined from committing similar violations in the future.

16

**ANSWER:**    **Defendant denies the allegations in paragraph 68.**

## CLASS ALLEGATIONS

69.    Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), Plaintiff brings this claim on behalf of a class, consisting of (a) all persons with Illinois fax numbers (b) who, on or after a date five years prior to the filing of this action, ( c) were sent faxes by or on behalf of Defendant ECHO Health Inc. promoting its goods or services for sale ( d) and which did not contain an opt out notice as described in 47 U.S.C. § 227.

**ANSWER:    Defendant admits that Plaintiff seeks class certification pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3), but denies there is any merit to certifying the class. Defendant further admits that Plaintiff attempts to bring this action on behalf of certain classes and denies that any class is viable, appropriate or should be certified and denies the remaining allegations in paragraph 69.**

70.    The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

**ANSWER:    Defendant denies the allegations in paragraph 70.**

71.    There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

1.    Whether Defendants engaged in a pattern of sending unsolicited fax advertisements; and

2.    Whether Defendants thereby converted the property of Plaintiff.

**ANSWER:    Defendant denies the allegations in paragraph 71.**

17

72.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

**ANSWER:     Defendant denies the allegations in paragraph 72.**

73.     Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

**ANSWER:     Defendant denies the allegations in paragraph 73.**

74.     A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against Defendants is small because it is not economically feasible to bring individual actions.

**ANSWER:     Defendant denies the allegations in paragraph 74.**

75.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

**ANSWER:     Defendant denies the allegations in paragraph 75.**

## <u>COUNT IV – TRESPASS TO CHATTELS</u>

76.     Plaintiff incorporates ¶¶ 1-30.

**ANSWER:     Defendant restates and incorporates by reference all of its answers to the above paragraphs as though fully stated herein.**

77.     Plaintiff and the class members were entitled to possession of the equipment they used to receive faxes.

18

**ANSWER:    The allegations in paragraph 77 are conclusions of law to which no response is required.   To the extent a response is required, Defendant denies it took possession of the equipment the plaintiff or the purported class members use to receive faxes.**

78.    Defendants' sending Plaintiff and the class members unsolicited faxes interfered with their use of the receiving equipment and constitutes a trespass to such equipment. *Chair King v. Houston Cellular*, 95cv1066, 1995 WL 1693093 at *2 (S.D. Tex. Nov. 7, 1995) (denying a motion to dismiss with respect to Plaintiff's trespass to chattels claim for unsolicited faxes), vacated on jurisdictional grounds 131 F.3d 507 (5th Cir. 1997).

**ANSWER:    The allegations in paragraph 78 are conclusions of law to which no response is required.   To the extent a response is required, Defendant the allegations in paragraph 78.**

79.    Defendants acted either intentionally or negligently in engaging in such conduct.

**ANSWER:    Defendant denies the allegations in paragraph 79.**

80.    Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes.

**ANSWER:    Defendant denies the allegations in paragraph 80.**

81.    Defendants should be enjoined from continuing trespasses.

**ANSWER:    Defendant denies the allegations in paragraph 81.**

## CLASS ALLEGATIONS

82.    Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), Plaintiff brings this claim on behalf of a class, consisting of ( a) all persons with Illinois fax numbers (b) who, on or after a date five years prior to the filing of this action, (c) were sent faxes by or on behalf of Defendant ECHO

19

Health Inc. promoting its goods or services for sale ( d) and which did not contain an opt out notice as described in 47 U.S.C. § 227.

**ANSWER:   Defendant admits that Plaintiff seeks class certification pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3), but denies there is any merit to certifying the class. Defendant further admits that Plaintiff attempts to bring this action on behalf of certain classes and denies that any class is viable, appropriate or should be certified and denies the remaining allegations in paragraph 83.**

83.     The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

**ANSWER:   Defendant denies the allegations in paragraph 83.**

84.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

1.     Whether Defendants engaged in a pattern of sending unsolicited fax advertisements; and

2.     Whether Defendants thereby committed a trespass to chattels.

**ANSWER:   Defendant denies the allegations in paragraph 84.**

85.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

**ANSWER:   Defendant denies the allegations in paragraph 85.**

1037221\307257650.v1

86.     Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

**ANSWER:     Defendant denies the allegations in paragraph 86.**

87.     A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against Defendants is small because it is not economically feasible to bring individual actions.

**ANSWER:     Defendant denies the allegations in paragraph 87.**

88.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

**ANSWER:     Defendant denies the allegations in paragraph 88.**

### AFFIRMATIVE DEFENSES

1.     Plaintiff does not have standing under Article III of the United States Constitution to bring the instant claims.

2.     The Class Action Petition and each purported cause of action alleged therein against Defendant are barred by Plaintiff's own conduct, actions, omissions and inaction which amount to and constitute a waiver or consent of such claims and any relief sought thereby.

3.     Defendant asserts that the TCPA was intended to restrict telemarketers, not those actively engaged in the collection of debt, and enforcement of statutory damages under the TCPA against Defendant without prior notice would constitute imposition of unexpected, unfair, excessive, punitive, unlawful and constitutional damages.

4.     The TCPA violates the United States Constitution' First Amendment's Free Speech Clause, is unconstitutionally overbroad, and is unconstitutionally vague and ambiguous in contravention of the Fifth and Fourteenth Amendments.

1037221\307257650.v1

5.      Defendant asserts that it has consent to send faxes to the fax number(s) at issue, either via prior express consent and any violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), which Defendant denies occurred, was not intentional and was the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

6.      Plaintiff has failed to take reasonable steps to mitigate his damages, if any.

7.      Plaintiff has no private right of action to bring a claim pursuant to the ICFA.

8.      Plaintiff's claims are barred in whole or in part by the doctrines of estoppel, waiver, and unclean hands because Plaintiff accepted the alleged fax without objection and/or acted in bad faith in relation to the instant claims.

9.      Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations for such claims.

10.      Plaintiff's alleged damages, if any, were caused by superseding and/or intervening acts or omissions of other parties or entities over whom this Defendant had no right of control, and for whose actions the answering Defendant is not liable.

11.      Plaintiff has consented to receiving the fax at issue in this lawsuit.

12.      Plaintiff and Defendant have an established business relationship.

13.      Defendant reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

WHEREFORE, Defendant, ECHO HEALTH, INC., respectfully requests that judgment be entered in its favor and against Plaintiff, that Defendant be awarded its costs and fees incurred herein, and that this Court enter such further relief as is just, necessary and proper.

1037221\307257650.v1

**HINSHAW & CULBERTSON LLP**

By:  ___/s/ James M. Brodzik___
James M. Brodzik, #66700
521 West Main Street
Suite 300
Belleville, IL 62220
P: 618-277-2400
F: 618-277-1144
jbrodzik@hinshawlaw.com
Attorneys for Plaintiff
ECHO HEALTH INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was electronically filed and served electronically via the Court's ECF system on all parties receiving ECF notices, on this 5th day of January 2021.

/s/ James M. Brodzik

23